THE STATE OF NEBRASKA, EX REL. THE BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, v. WALTER L. WHITTEMORE.

1. **County Clerks: FEES.** In counties containing less than 8,000 inhabitants county clerks are also clerks of the district courts of their respective counties. The duties being imposed upon them as county clerks, they must report the fees received by virtue of their office.
2. **Constitutional Law.** The act to regulate fees, approved February 15th, 1877, is not an amendment of sections 1, 5, 8 and 14, of chapter 19, of the revised statutes of 1866, but an original act.

ORIGINAL application for mandamus.

*A. W. Agee* and *E. J. Hainer*, for relator.

*Mason & Whedon* and *J. S. Miller*, for respondent.

MAXWELL, J.

In the year 1879 the defendant was elected clerk of Hamilton county, and has performed the duties pertaining to that office since the 8th day of January, 1880. Hamilton county at the time of his election contained less than 8,000 inhabitants, and therefore he, as county clerk, has performed the duties of clerk of the district court of that county. He has duly reported the fees received by him, except those pertaining to the district court. This is a proceeding by mandamus to compel him to make a report of all fees received by virtue of his office. The question to be determined is whether or not the office of clerk of the district court in counties con-

taining less than eight thousand inhabitants is a separate office from that of county clerk. In other words, are the duties as clerk of the district court imposed upon him as county clerk?

The question now presented was before this court in the case of *The People v. McCallum*, 1 Neb., 182. The legislature of 1869 abolished the office of clerk of the district court, and imposed the duties pertaining to this office on the county clerk. McCallum was elected county clerk of Otoe county in 1867, and again in 1869, and had given bond and taken the oath required as such clerk, and was performing the duties of that office at the time the act of 1869 making him *ex-officio* clerk of the district court of that county took effect, but gave no bond, nor took the oath as clerk of the district court. The action was to oust him from performing the duties pertaining to the district court, upon the ground that he had failed to qualify. Judge Crounse, in an elaborate opinion, shows that the duties were to be performed by McCallum as county clerk. On page 201 he says: "But I confess I mistake the purport of the term *ex-officio*, if McCallum, by virtue of his office, by his election, taking the oath of office and giving the bond required as county clerk, is not entirely competent and entitled to discharge the duties as clerk of the district court for Otoe county. Those duties are added to, and imposed upon, those who hold the office of county clerk. There is no loss of security arising from it. The bond required of county clerks is not less than three thousand dollars, and may extend to ten thousand. In this case it was placed at six thousand, and the presumption is that it will always be fixed with reference to all the duties to be discharged. The bond heretofore required was but three thousand dollars of the district clerk. It cannot be, as contended, that the bond given for the faithful performance of his duties as county clerk will not extend to acts done as clerk of the district.

court. That he may sign himself in one case as county clerk, and in another as clerk of the district court, is an immaterial circumstance. His acts are all done under the election and qualification as county clerk, and his bond is given to cover any of them. As well might it be contended that the official bond of any officer is no security for the want of faithful discharge of any additional duty, which may, from time to time, be imposed upon such officer by law." We adhere to the decision in that case, and it is decisive of the question.

Objections are made to the constitutionality of the act of 1877, upon the ground that it was an amendment of sections 1, 5, 8 and 14, of chapter 19, of the Revised Statutes of 1866, and therefore is within the rule of *Smails v. White*, 4 Neb., 353; *Ryan v. The State*, 5 Id., 276; *Sovereign v. The State*, 7 Id., 409, and not being a complete act in itself, is void. It is sufficient to say that the act referred to is not an amendment, but an original act. The officers designated are required to charge and collect fees, as before the passage of the law, but all fees in excess of a specific sum are to be paid into the county treasury. The act in question provides for the appointment by the county commissioners of such deputies as are deemed to be necessary; but even if it did not, an officer must perform the duties imposed upon him by law.

A peremptory writ is awarded as prayed.

JUDGMENT ACCORDINGLY.