STATE OF NEBRASKA, EX REL. COMMISSIONERS OF HAM-
ILTON COUNTY, v. W. K. REAM.

1.  **Constitutional Law**: FEES OF COUNTY OFFICERS. Under
    the title of "An act to regulate the fees of county judges, county
    clerks, sheriffs, and county treasurers" the legislature may re-
    quire such officers to report the fees received, and pay the excess
    over a sum named into the county treasury. The authority to
    regulate includes the power to control.

2.  ———: TITLE OF ACTS. Where the subject matter of an act is
    within the scope of the title, the act will not be declared uncon-
    stitutional because a more appropriate title could have been se-
    lected.

3.  ———: ———. The act of Feb. 15, 1877, to regulate the fees
    of county judges, etc., *Held*, To be a complete act in itself and
    not an amendment. *State v. Whittemore*, 12 Neb., 252.

4.  ———: ———: OBJECT STATED. The object of the act is not
    primarily to raise revenue, but to fix a limit to the amount of
    compensation to be received by the officers named.

ORIGINAL application for mandamus.

*A. J. Rittenhouse* and *Hainer & Kellogg*, for relators.

*A. W. Agee* and *Harwood, Ames & Kelly*, for respondent.

MAXWELL, J.

This is an application on notice for a peremptory writ of
mandamus to compel the defendant, who is county judge of
Hamilton county, to report his fees to the county commis-
sioners as required by "An act to regulate the fees of
county judges, county clerks, sheriffs, and county treas-
urers," approved Feb. 15, 1877. The defendant was
elected county judge in 1881 and re-elected in 1883. He
seems to have reported the fees during his first term of
office, but at the commencement of the second he discov-
ered objections to the statute and refused to report further

unless compelled to do so.    The sole question presented is, whether or not the act in question is constitutional—that is, whether or not the title of the act is broad enough to include the subject matter.    The first section of the act reads as follows : "That every county judge, county clerk, county treasurer, and the sheriff of each county, whose fees shall in the aggregate exceed the sum of fifteen hundred dollars each for county judge and county clerk, and two thousand dollars each for sheriffs and county treasurers per year, shall pay such excess into the treasury of the county in which they hold their respective offices ; *Provided, however,* That in counties having over twenty-five thousand inhabitants, the county treasurer shall receive the sum of three thousand dollars per annum, and shall be furnished by the county commissioners the necessary clerks or assistants, whose combined salaries shall not exceed the sum of twenty-four hundred dollars per annum.    The sheriff shall receive the sum of twenty-five hundred dollars per annum, also the necessary jail guard, and one deputy, and the salary of such deputy shall be nine hundred dollars per annum.    The county clerks of such counties shall receive the sum of twenty-five hundred dollars per annum, and he shall have one deputy whose salary shall be one thousand dollars per annum ; *And provided further,* That (if) the duties of any of the officers above named in any county of this state shall be such as to require one or more assistants or deputies, then such officers may retain the amount necessary to pay for such assistants or deputies, not exceeding the sum of seven hundred dollars per year, except as above provided in counties having over twenty-five thousand inhabitants, for each of such deputies or assistants, but in no instance shall such officers receive more than the fees by them respectively and actually collected, nor shall any money be retained for deputy services unless the same be actually paid to such deputy for his service ; *And provided further,* That neither of the officers above named shall have

any deputy or assistants unless the board of county commissioners shall, upon application, have found the same to be necessary, and the board of county commissioners shall in all cases prescribe the number of deputies or assistants, the time for which they may be employed, and the compensation they are to receive." Comp. Stat., chap. 28, § 42.

The attorneys for the defendant contend that the act is in conflict with sec. 2, art. III. of the constitution, which declares that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." It is said that the title of the act above quoted not only fails to express the subject of the act but is actually misleading.

The rule is well settled in this state that the purpose of the act must be indicated by the title. Where, however, a bill has but one general object it will be sufficient if the subject is fairly expressed in the title. *White v. Lincoln,* 5 Neb., 505. *Boggs v. Washington Co.,* 10 Id., 297. *Ives v. Norris,* 13 Id., 252. *Holmberg v. Hauck, ante* p. 337. We adhere to those decisions. .

Webster defines the word "regulate" as "to adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles or laws." The definition of the word "govern" one of the synonyms he gives: "1. To direct and control, etc. 2. To regulate; to influence; to direct; to restrain; to manage; as to govern the life or passions; to govern the motion of the ship," etc. Thus it is seen the word "regulate" includes in its meaning the power to control. An act to regulate fees therefore is an act to control or make a disposition of them. . The legislature must be permitted to select whatever title for an act it sees fit, and if the subject matter is within the title selected this court cannot declare the act unconstitutional because a more expressive title could have been chosen. It is only when the subject mat-

ter is not within the title, or it includes more than one subject, that the court will declare the act void. *The People v. McCallum*, 1 Neb., 182. *White v. Lincoln*, 5 Neb., 505. In our view the power to regulate contains the power to control and dispose of the fees, at least, as to officers elected after the act took effect, in such manner as the legislature saw fit.

*Second.* That the act is an amendment to the statute regulating fees, and as it is neither a complete act in itself nor refers to the statute amended, therefore it is void as was decided in *Smails v. White*, 4 Neb., 353; *Sovereign v. State*, 7 Id., 409. This question was before this court in the *State v. Whittemore*, 12 Neb., 252, and it was held that the act was not an amendment to the chapter regulating fees but an original act. That decision was rendered nearly four years ago, and has been accepted without question by the bar and people of the state as correct, and no satisfactory reason has been shown why it should be overruled.

Considerable stress is laid upon the provision for the appointment of deputies, and it is said that that provision at least is clearly amendatory of chapter 24 of the Compiled Statutes. But even if this provision was void it would not affect the remainder of the act as it can be readily separated from it. It is evident, however, that the principal object of the provision is to permit the retention by the officer of sufficient fees in addition to those allowed him personally for his own services, to pay the necessary deputies. The county commissioners merely determine the number of deputies necessary in order to estimate the amount of money the officer can retain for that purpose. It was not intended to take from the officer the right to appoint his own deputies. In any event the defendant cannot be affected by the amendment, as none of the duties of his office can be performed by a deputy.

*Third.* It is said in effect that the act contravenes the

provisions of the constitution, which declares that the legislature shall provide such revenue as may be needful by levying a tax by valuation so that every person and corporation shall pay a tax in proportion to the value of the property possessed.

In *State v. Lancaster Co.*, 4 Neb., 537, this court held that the enumeration in the constitution of certain subjects for taxation did not preclude the legislature from imposing other taxes where there was no prohibition. But the money to be paid into the county treasury under this act is not a tax. The evident design of the act was not so much to raise revenue as to provide that the compensation of certain officers should not exceed a certain amount. This was clearly within the power of the legislature. The officers named are but agents of the state for transacting in their respective counties the public business entrusted to them by law. The fees are paid for those services, and the legislature declares that all in excess of a certain sum shall be paid into the county treasury, and in order to determine the amount received requires the officer to make quarterly reports under oath of the fees received.

The case does not differ materially from that of *The State v. The Judges*, 21 O. S., 1, where a similar statute was sustained. It is the duty of the defendant to report the fees received by him, and a peremptory writ is awarded as prayed for.

JUDGMENT ACCORDINGLY.

THE other judges concur.