STATE OF NEBRASKA, EX REL. W. W. SLABAUGH, COUNTY ATTORNEY, RELATOR, V. DUNCAN M. VINSONHALER, COUNTY JUDGE, RESPONDENT.

FILED OCTOBER 19, 1905. No. 14,446.

1. **Taxation:** INHERITANCES. The tax provided for in the inheritance tax law, so called (laws 1901, ch. 54, as amended, laws 1905, ch. 117), is not a property tax, but upon the right of succession to property by inheritance or will.

2. ———: LEGISLATIVE POWER. The enumeration of subjects of taxation. in section 1, article IX of the constitution, is not exclusive. The legislature has power to provide for taxation upon inheritances.

3. **Inheritance Tax Law:** CONSTRUCTION. The act does not require the tax to be levied upon the property constituting the whole estate of the decedent, but upon the share that each heir or devisee takes therein.

ORIGINAL application for a writ of mandamus to compel respondent to appoint appraiser under inheritance tax law. *Writ allowed.*

*W. W. Slabaugh* and *Charles E. Foster,* for relator.

*George E. Pritchett,* for respondent.

*Crofoot & Scott, amici curiae.*

SEDGWICK, J.

The respondent as county judge of Douglas county refused to appoint an appraiser in the matter of the estate of .

Frank Murphy, deceased, pursuant to the inheritance tax law. Comp. St. 1905, ch. 77, art. VIII, sec. 11; Ann. St. 10716. This is an application for a writ of mandamus to compel the appointment of such appraiser. The defense is that the law is unconstitutional.

1. The first question presented is whether the tax provided for in this legislation is a tax on property. Section 1, article IX of the constitution, requires that taxes on property must be levied by valuation, and the tax exacted from each person and corporation must be in proportion to the valuation of the property taxed. The act in question provides for a varying rate of taxation, depending upon the degree of relationship of the heir or devisee, and upon the amount received from the estate by him. If therefore the tax in question is to be regarded as a tax upon property, the legislation cannot be upheld. It appears to be almost uniformly held that, if the tax is laid upon the amount received from the estate by the heir or devisee, it is a tax upon the right of succession to property, that is, upon the right to receive the property from the estate of the decedent, and not upon the estate itself. *Magoun v. Illinois Trust & Savings Bank*, 170 U. S. 283, 18 Sup. Ct. Rep. 594.

2. Indeed, this appears to be conceded by the respondent, and the principal argument is upon the following question involved in the construction of section 1, article IX of the constitution. That section is as follows: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, innkeepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates." It is

said in the brief of the respondent: "The right of succession to property by will or inheritance is not among the subjects of taxation named in the constitution, and, therefore, the legislature had not the authority to provide for taxing it. The legislature is restricted by this section of the constitution in its power of taxation, and to the objects and things therein named." The federal constitution is a grant of power to the federal government, but the state constitutions are restrictions upon the general power of legislatures. *State v. Nelson,* 34 Neb. 162; *Hanscom v. City of Omaha,* 11 Neb. 37; *Magneau v. City of Fremont,* 30 Neb. 843. It is insisted that the section of the constitution under consideration must be construed to limit the taxing power of the legislature to the subjects named therein. It is urged with great force, and it must be admitted with some reason, that the language of the section itself requires such construction. The command of the constitution is that the legislature shall provide needful revenue, and this command is followed immediately by a provision as to how such revenue shall be provided, to wit: "By levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises." Then follows an enumeration of subjects of taxation upon which the legislature may lay taxes "in such manner as it shall direct by general law." These exceptions are introduced by the words "and it shall have power." These words, it is urged, show the manifest intention of the constitution to deny the power to the legislature of taxing any other subjects than those named in the constitution. The legislature must provide needful revenue. It must do this by valuation, except that it shall have power to tax some specified subjects by another method. To this reasoning it is answered that the legislature must necessarily determine the meaning of doubtful provisions of the constitution defining or limiting its power. That, when a provision of the constitution is susceptible of a construction that will justify the

legislation attacked, the legislature will be presumed to have adopted that construction, and its action will be upheld. It is also answered that the matter has been determined by prior decisions of this court. In *State v. Lancaster County*, 4 Neb. 537, it is said in the third paragraph of the syllabus:

"The maxim, *expressio unius est exclusio alterius*, does not apply in the construction of constitutional provisions regulating the taxing power of the legislature." And in the opinion section 1 of article IX is quoted, and it is said: "It is therefore contended on the part of the relator that by this section the taxing power of the legislature is limited to the objects and classes of business enumerated, and that as the tax required to be paid on the commencement of suits, is not included in any one of the classes thus enumerated, the act imposing such tax is inconsistent with the constitution and void. * * * The theory of construction, advanced on the part of the relator, assumes that this power is limited by implication, upon the principle, *expressio unius est exclusio alterius;* but does this rule apply to the taxing power of the legislature? I think not. And as no positive restriction is imposed on the exercise of this power in respect to other matters, not included in the objects and classes enumerated, I think the rule is that the framers of the constitution relied for protection in this regard upon the wisdom and justice of the representative body and the accountability of its members to the people, rather than the restraining power of the courts of law."

Upon the argument the writer of this opinion was impressed with the view that the point so discussed and so plainly determined in *State v. Lancaster County, supra,* was not in fact necessary to a determination of that case. It seemed that the requiring of a commencement fee to be paid in actions brought in this court was not in the nature of providing public revenues, but rather an attempt to require litigants to pay at least a portion of the expense that they caused the state in particular litigation, and that

therefore it might be supposed that the restrictions of the constitution regulating the manner of providing needful revenues would not apply. If the case were unsupported by subsequent decisions there might still be reason to doubt its controlling power here. In *State v. Ream,* 16 Neb. 681, it was said:

"In *State v. Lancaster County,* 4 Neb. 537, this court held that the enumeration in the constitution of certain subjects for taxation did not preclude the legislature from imposing other taxes where there was no prohibition," thus recognizing the authority of that case upon this proposition. And in *Magneau v. City of Fremont,* 30 Neb, 843, it is said:

"It has been the uniform holding of this court that the constitution is not a grant, but a restriction of legislative power, and that the legislature may legislate upon any subject not inhibited by the constitution."

And in support of this proposition *State v. Lancaster County, supra,* and *State v. Ream, supra,* are both cited, with numerous other decisions of this court. Again, in *State v. Lansing,* 46 Neb. 514, it is said: "Therefore, in such cases as the present, the maxim *'expressio unius est exclusio alterius'* is not applicable, and the legislature may adopt any provision not prohibited by the constitution," citing also *State v. Lancaster County,* and *State v. Ream, supra.*

Also, Mr. Commissioner RYAN in his dissenting opinion in *State v. Moores,* 55 Neb. 480, 523, quoted the foregoing language from the opinion in *Magneau v. City of Fremont, supra,* and cited the same decisions of this court in support thereof. This construction of the section of the constitution in question is not entirely without reason to support it. The legislature has evidently construed this section as it was construed in the cases above referred to. It is a general rule that, if a phrase or section of the constitution will admit of different constructions, that construction given it by the legislature must so far prevail as to uphold the legislation if possible, and, without investi-

gating the matter as an original question, in view of the construction given to this section by the legislature, we feel constrained to follow *State v. Lancaster County, supra,* which has so long been recognized as authority by this court. Upon this view this legislation is not prohibited by the constitution.

3. It was urged upon the argument that the part of the section of the statute under consideration beginning with the words, "in all other cases," in some instances requires the tax to be levied upon the whole estate of the decedent, and so is a tax upon property, and, not being uniform, is therefore unconstitutional. For the purposes of this taxation, estates seem to be classified according to their value, but it does not follow that the tax is placed upon the property constituting the gross estate of the decedent. The tax is placed upon the estate received by each heir, or devisee, and its rate is uniform as to each class. It is held in *Magneau v. City of Fremont, supra,* that this classification is reasonable and within the province of the legislature. If some clause or clauses of this part of the section are void for uncertainty (which we of course do not decide), this would not invalidate the entire act. We conclude that the legislation is valid, and the county court should have appointed an appraiser as requested.

The relator is entitled to a peremptory writ as prayed.

WRIT ALLOWED.