WILLIAM L. CANHAM, APPELLEE, V. OTTO BRUEGMAN ET AL., APPELLANTS.

FILED NOVEMBER 10, 1906.    No. 14,415.

1. **Action for Damages: PETITION: SUFFICENCY.** In an action for damages by a vendee against a vendor of horses infected with the disease of glanders, a petition is not obnoxious to a general demurrer because of an omission of an averment that before or at the time of the sale and delivery complained of the vendor had knowledge that the animals were so infected.

2. **Statutes: REPEAL.** Section 3171, Ann. St., enacting a penalty for selling glandered horses or permitting them to run at large, was not superseded or repealed by a subsequent act to prevent the importation, selling or permitting to run at large of any domestic animal afflicted with a contagious disease, being sections 3174 to 3177 of said statutes, the latter being general in its terms, while the former has a special and particular object.

APPEAL from the district court for Knox county: JOHN F. BOYD, JUDGE. *Affirmed.*

*W. D. Funk* and *W. R. Ellis,* for appellants.

*W. L. Henderson* and *O. W. Rice, contra.*

AMES, C.

This is an action by the vendee of a team of horses against the vendors thereof to recover damages on the ground that at the time of the sale and delivery of the animals they were, without the knowledge of the plaintiff, infected with a certain malignant and contagious disease, known as "glanders," of which both of them soon afterwards died, after having communicated the disease to a certain other animal belonging to the plaintiff which, in consequence thereof, died. A general demurrer to the petition having been overruled, the defendants elected not to plead further, and the amount of the plaintiff's damages having been agreed upon by the parties, other evidence with respect thereto was waived, and the court rendered a judgment for that sum, from which the defendants appealed.

The statute, section 3171, Ann. St., enacts: "It shall not be lawful for any person to use, let, sell, or permit to run at large any horse, mule, or ass diseased with glanders. Any person violating the provisions of this section shall pay a fine of not less than five nor more than fifty dollars, and shall be liable for all damages." The sole ground for the contention that the petition does not state a cause of action is that it omits to aver that before or at the time of the sale and delivery of the horses the vendors had knowledge of their diseased condition. The statute quoted, which contains no express exception and has reference to but one disease, was passed in 1867 and has never, unless by implication, been repealed. In 1883 another act was adopted, making it a misdemeanor punishable by fine and imprisonment to import into the state, or to sell, transfer or to permit to run at large, any animal infected with any infectious disease, and rendering any person *knowingly* violating any of the provisions of the act liable in a civil action for all damages resulting from such violation. It is argued that the two acts are not necessarily in conflict, the later of them being gen-

eral in its scope and having reference to all animals and to all infectious diseases, while the former is special and specific, both as to a single disease and with respect to the animals subject to infection with it, and, hence, it is inferred that the legislature intended a different and more absolute rule of liability in cases of glanders than is imposed by the later enactment. However this may be, we think that under the liberal rules of pleading and procedure provided by the code, a petition in such a case is sufficient if it alleges the cause of action in the language of the statute. Knowledge, in the absence of all other evidence, may well enough be inferred by the court and jury, as it would be by most other persons, from the commission of the prohibited act. And the rule in such cases is that, in a civil action, it is sufficient to declare in the language of the act, unless there is an exception which the plaintiff is required to negative.

We recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be