TAMME R. ZIMMERMAN, APPELLANT, V. A. J. TRUDE,
SHERIFF, ET AL., APPELLEES.

FILED JANUARY 8, 1908.   No. 15,046.

1. **Constitutional Law: CLERK OF COUNTY COURT: APPOINTMENT.** Chapter 34, laws 1897, entitled "An act to authorize the county judge in counties where said judge has been previously authorized by the board of county commissioners to employ one or more clerks, to designate and appoint, in writing, one of said clerks to be the clerk of the county court, and prescribing the duties and compensation of the clerk of the county court," examined, and *held* not in conflict with section 11, art. III of the constitution, providing that "no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed."

2. **Judgment: INJUNCTION: PLEADING.** In an action to enjoin the collection of a judgment of the county court on the ground that the judgment is void, it is necessary, in order to state a cause of action, that the averments of the petition should affirmatively state facts which show that the judgment was void.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*W. H. Ashby,* for appellant.

*A. H. Kidd, contra.*

GOOD, C.

Plaintiff brought this action in the district court against Trude, as sheriff, and Loverin & Brown Company. The object of the action was to enjoin the defendant from levying an execution upon the property of the plaintiff upon the ground that the judgment, upon which the execution was issued, was void. The judgment in question was rendered originally in the county court for more than $200, and a transcript thereof was filed in the district court, whence the execution issued. The judgment was alleged to be void for two reasons: First, because the summons was neither issued nor signed by the county judge, but was issued by one F. E. Bourne, an assistant in the

office of the county judge; second, because the defendant was not sued in his full Christian name, but was sued by the name of "T. Zimmerman," and the summons was not personally served upon him, but was served by leaving a copy thereof at the usual place of residence. A copy of the summons is attached to and made a part of the petition. A temporary restraining order was issued and served upon the sheriff. Loverin & Brown Company is a nonresident corporation, and no service was had upon it, and no appearance was made by it in the action. The sheriff appeared in this action, and moved to dissolve the temporary restraining order upon the grounds, first, that the petition did not state facts sufficient to authorize the issuing of the same; and, second, that the facts set forth in the petition were untrue. This motion was heard upon affidavits previous to the return day of the summons, and the court sustained the motion, dissolved the restraining order, and entered a judgment dismissing the petition. From this judgment the plaintiff appeals.

No answer or demurrer had been filed to the petition by the defendant Trude, and the record itself does not disclose that the cause was submitted to the court for determination, except upon the motion. On the oral argument in this court, however, it was conceded by both parties that the whole case was submitted to the trial court for decision upon the record. We are unable to determine from the record whether or not it was the intention of the parties, in submitting the case to the district court, that the evidence offered by way of affidavits upon the hearing of the motion to dissolve the restraining order should be considered as evidence upon the trial of the principal cause. We are inclined to the view, however, that it is immaterial what their understanding was in that respect, because of the fact that no answer or demurrer was filed to the petition, and all the facts well pleaded in the petition must be taken as true. It therefore becomes necessary to determine whether or not the petition states a cause of action.

In the action in the county court, wherein the judgment was rendered against the plaintiff, the summons was signed, "H. E. Spafford, County Judge, by F. E. Bourne, Clerk," and was attested by the seal of the county court. Plaintiff contends that chapter 34, laws 1897, which is entitled "An act to authorize the county judge in counties where said judge has been previously authorized by the board of county commissioners to employ one or more clerks, to designate and appoint, in writing, one of said clerks to be the clerk of the county court, and prescribing the duties and compensation of the clerk of the county court," is unconstitutional, and that there was, therefore, no authority for any one to act as clerk of the county court, or to issue the process of said court, except the judge thereof. Plaintiff contends that said act is in violation of that portion of section 11, art. III of the constitution, providing that "no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed." Plaintiff claims that the act is an attempt to amend sections 8 and 20, ch. 20, Comp. St. 1895. A portion of section 8 is as follows: "In all cases commenced in said courts wherein the sum exceeds the jurisdiction of a justice of the peace, it shall be the duty of the county judge to issue a summons." Section 20 is as follows: "All writs, citations, and all process in civil actions issuing out of any probate court, shall be under the seal thereof, and be signed by the probate judge." It is clear that by the sections above quoted it was made the duty of the county judge, as the law then existed, to issue and sign the summons, but by section 1, ch. 34, laws 1897, it was provided that in counties where the county judge had been previously authorized by the board of county commissioners to employ one or more clerks, such county judge might designate one of said clerks to be the clerk of the county court, and by section 3 of said act such clerk of the county court was authorized to sign and seal all processes issued out of the county court, and to do all other acts to be done

by the county judge, except judicial acts. There is apparently a conflict between sections 8 and 20, ch. 20, Comp. St. 1895, and the provisions of chapter 34, laws 1897. By an examination of chapter 34 it will be observed that it does not purport to be an amendatory act, but is an act complete in itself, and its object is clearly expressed in the title, to authorize the appointment of a clerk of the county court in certain instances, and prescribing their duties and compensations.

Where an act is complete in itself, and does not purport to be an amendatory act, although the provisions of the act may be in conflict with other provisions of the statutes, this court has held that the act is not in conflict with that clause of the constitution above referred to. In *State v. Cornell,* 50 Neb. 526, it was held that an act complete in itself is not inimical to the constitutional requirement that no law shall be amended unless the new act contains the section or sections so amended, although such complete act may be repugnant to or in conflict with a prior law not referred to nor in express terms repealed by the latter act. Other cases that hold substantially to the same doctrine are *Canham v. Bruegman,* 77 Neb. 436; *State v. Omaha Elevator Co.,* 75 Neb. 637, and *State v. Drexel,* 74 Neb. 776.

In the latter case it was held that the repealing clause of an act of the legislature, repealing "all acts and p .rts of acts in conflict herewith," only repeals such acts of the existing statutes as are so repugnant to the act last passed as that both cannot stand. Prior statutes are repealed *pro tanto,* and to the extent only that they conflict with the act last passed. Section 5, ch. 34, laws 1897, above referred to, is as follows: "All acts or parts of acts in conflict with this act be and hereby are repealed." Applying the doctrine laid down in the case last above cited, it would follow that the passage of chapter 34, laws 1897, would have the effect of repealing or modifying sections 8 and 20, ch. 20, Comp. St. 1895, to the extent that they required the personal act of the county judge in issuing or

signing the processes of the county court. We conclude, therefore, that chapter 34, *supra*, is valid, and authorizes the clerk of the county court to issue and sign the summons.

The summons issued from the county court commanded the officer to summon "T. Zimmerman, whose first name is unknown to the plaintiff," and the return to this summons shows that it was served by leaving a copy at the usual place of residence of the appellant. Plaintiff contends, that the summons was issued pursuant to the provisions of section 148 of the code, which reads as follows: "When the plaintiff shall be ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name and description, and when his true name is discovered, the pleading or proceeding may be amended accordingly. The plaintiff in such case must state, in the verification of his petition, that he could not discover the true name, and the summons must contain the words 'real name unknown,' and a copy thereof must be served personally upon the defendant." It is urged that, under the decision in the case of *Enewold v. Olsen,* 39 Neb. 59, personal service was required in order to give the court jurisdiction, and that the summons, showing that it was left at the usual place of residence, was sufficient to show that the court did not acquire jurisdiction. This contention could have no application, however, where the action was brought upon a written instrument, where the parties thereto had executed the same by signing the initial letter or letters or some contraction of the Christian name. Section 23 of the code provides that, in such a case, it shall be sufficient to designate such person by the name, initial letter or letters, or contraction of the full name or names, instead of the Christian, or first, name or names in full. It must be borne in mind that this was an action in the county court for more than $200, and was a term case, and that in such cases the county court is a court of record, and all presumptions are to be indulged in favor of the regularity of its proceedings and judgments.

The summons discloses that the action was for money due and unpaid upon a certain guaranty, and the presumption would be, in the absence of a showing to the contrary, that the action was based upon a written instrument, and that the defendant in that case was properly sued by the initial, because he had signed the written instrument in that manner. We think it would be incumbent upon the plaintiff to allege facts sufficient to show, not only that the county court might not have had jurisdiction, but to allege facts sufficient to show to a certainty that the court did not have jurisdiction, and, in the absence of the averments to the contrary, the presumption would be in favor of the jurisdiction of the county court.

Plaintiff's petition was defective in another particular. He does not allege anywhere in his petition that no appearance was made by him in the case in the county court, and, for aught that appears in his petition, he may have appeared and made a defense in the action in the county court. The presumption being in favor of the regularity of the proceedings and judgment of the county court, the plaintiff in this case must fail, unless he avers facts sufficient to show affirmatively that the court was without jurisdiction. This he has not done.

It follows that the judgment of the district court was right and should be affirmed.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.