JAMES ALLAN, APPELLEE, V. MILTON J. KENNARD ET AL.,
APPELLANTS.

FILED APRIL 10, 1908. No. 15,560.

1. **Constitutional Law:** SPECIAL LEGISLATION. If a law is general and
   uniform throughout the state, acting alike upon all persons and
   localities of a class, it is not open to the objection that it is
   local or special legislation.

2. **Statutes:** CLASSIFICATION: SPECIAL LEGISLATION. The power of
   classification rests with the legislature, and this power cannot
   be interefered with by the courts, unless it is clearly apparent
   that the legislature has by an artificial and baseless classification
   attempted to avoid and violate the provisions of the constitution
   prohibiting local and special legislation.

3. ———: ———. A real and substantial difference which affords a
   proper basis for classification exists between ordinary counties
   and those which contain within their boundaries a city of the
   metropolitan class.

4. ———: REPEAL BY IMPLICATION. An act which treats of one de-
   partment of county government, the creation of a county office,
   and the duties and functions to be performed by the incumbent
   of such office, is complete in itself, repeals by implication all
   acts and parts of acts repugnant thereto, and is not required to
   contain all the sections of former acts which it may amend or
   to specifically repeal the same.

5. ———: INDUCEMENT TO PASSAGE. Chapter 37, laws 1907, providing
   that the county comptroller in counties having within their
   boundaries cities of the metropolitan class shall be *ex officio* city
   comptroller, examined, and *held* not to have formed the induce-

22

ment for the enactment of chapter 36, laws 1907, creating the office of county comptroller in such counties.

6. ———: VALIDITY. *Held*, Further, that chapters 33, 36 and 38, laws 1907, are cognate acts, carrying out the legislative purpose to create the office of county comptroller in counties of the class referred to, and providing facilities for carrying out the duties of such office, and that said acts are not properly subject to the objections made to their validity.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed and dismissed.*

*Carl E. Herring, James P. English, A. G. Ellick* and *B. F. Thomas,* for appellants.

*John P. Breen* and *W. H. Herdman, contra.*

LETTON, J.

The petition in this case in substance alleges that the plaintiff is a resident taxpayer of Douglas county; that the defendant Solomon is the county comptroller elect, and that the other defendants are the county commissioners of that county; that Douglas county has within its boundaries a city of the metropolitan class, and is the only county in this state having such a city within its boundaries; that by chapter 36, laws 1907, the legislature attempted to create the office of county comptroller in any county including within its boundaries a city of the metropolitan class, and provided for the election of such officer; that the defendant Solomon was declared duly elected to that office and a certificate of election issued to him; that the board of county commissioners have set apart certain rooms in the county courthouse for the office of county comptroller, ordered the expenditure of large sums of money in furnishing the same, and have authorized the employment of a large number of clerks, accountants and stenographers. It further alleges that the law is unconstitutional as being special legislation and based upon an arbitrary classification;

that it is amendatory of other existing laws, and does not contain the section or sections so amended, and does not repeal the section or sections so amended, and that the title of the act is not broad enough to permit the amendments. It is further alleged that chapter 36, laws 1907, is a companion act to chapter 37; that the legislative purposes and intent can only be given effect through the operation of both of said chapters; that chapter 37 is unconstitutional as being an amendatory act not complying with the provisions of the constitution with reference to amendments, and because its title is not sufficiently broad. The petition further alleges that chapters 33, 36, 37 and 38 are cognate acts, and are parts of the legislative scheme and plan covered by chapters 36 and 37; that they were prepared by the same author and member of the legislature, and that they cannot be put in force without giving effect to chapter 33; that chapter 33 is an amendatory act, but that the same is void as failing to comply with the constitutional requirements as to amendatory acts. The petition further alleges that, unless restrained, the defendants will pay out nearly $15,000 a year for the salaries of the comptroller and necessary assistance, and prays for an injunction to restrain the defendants from putting the law into operation, and for general equitable relief.

A demurrer was filed to the petition, which was overruled. The defendants elected to stand upon the demurrer. The district court found: "That chapter 36, laws 1907, being an act creating the office of county comptroller, is an act complete in itself, conforming to the constitutional requirements; that chapter 37, laws 1907, being an act making the county comptroller *ex officio* city comptroller, is amendatory in character and void; that from an inspection of the two chapters it is apparent that the provisions inherent in chapter 37 formed an inducement for the passage of chapter 36, and that chapter 36 is, therefore, void," and rendered judgment accordingly, perpetually restraining the defendants as

prayed in the petition. The case is now before this court upon appeal from this judgment.

A summary statement of the purport of the several chapters of the laws of 1907, the validity of which is controverted, is necessary to understand the questions presented. Chapter 33 consists of four sections amending sections 33, 37 and 74, ch. 18, Comp. St. 1905, and repealing the original sections; the only change made in the former law being to provide that certain duties now devolving upon the county clerk shall, in counties having a county comptroller, be performed by that officer. Chapter 36 creates the office of county comptroller in any county having within its boundaries a city of the metropolitan class, provides for his term of office and salary, specifies his duties in detail, and provides that all duties delegated to the county comptroller, which are now performed or exercised by other county officials, are taken away from such official and made the special duty of the comptroller. Chapter 37 provides that the county comptroller shall be *ex officio* city comptroller after the expiration of the term of the present incumbent of the office of city comptroller. It provides for the giving of a bond as city comptroller, and for the payment of $7,000 each year by the city to the county as compensation for services rendered by the county comptroller as *ex officio* city comptroller. Chapter 38 requires the county board to provide suitable rooms, vaults, books, blanks, stationery, clerks and office furniture for the use of the county comptroller.

The first point relied upon by the plaintiff in asserting the invalidity of the legislation is that an act creating a county office and limiting such office to counties which may now or hereafter contain a city of the metropolitan class is an arbitrary classification of counties, and, therefore, void as being within the inhibition of the constitution against local or special legislation "regulating county and township officers," "providing for the election of officers in townships, incorporated towns or

cities," or "granting to any corporation any special or exclusive privileges, immunities, or franchises, whatever." It is settled law in this state, as well as in most others having like constitutional restrictions, that where a law is general and uniform throughout the state, operating alike upon all persons and localities of a class, it is not open to the objection that it is local or special legislation (*State v. Graham*, 16 Neb. 74; *State v. Berka*, 20 Neb. 375; *Van Horn v. State*, 46 Neb. 62; *Livingston L. & B. Ass'n v. Drummond*, 49 Neb. 200), and it is unnecessary to do more than state the principle in this connection. See, also, *State v. Frank*, 61 Neb. 679. An interesting discussion of this subject is to be found in the opinion of Bishop, J., in the case of *Eckerson v. City of Des Moines*, 115 N. W. (Ia.) 177. It is also true that the legislature may classify the subjects, persons or objects as to which it legislates. But such classification should rest upon some difference in situation or circumstances between the thing or person placed in one class and that placed in another. The power of classification rests with the legislature, and this power cannot be interfered with by the courts, unless it is clearly apparent that the legislature has by an artificial and baseless classification attempted to evade and violate the provisions of the constitution prohibiting special and local legislation. Unless, therefore, it has been made clearly apparent that there can be no real distinction made between counties having within their boundaries cities of the metropolitan class and other counties, the presumption of constitutionality which attaches to each act of the legislature must prevail. It is pointed out in the brief of the plaintiff that the usual method of classification of counties or cities is by means of population. Such a classification must necessarily be more or less arbitrary. But such classifications have uniformly been upheld by the courts, even though to a certain extent arbitrary in their nature. Plaintiff, while conceding that a classification by population is entirely proper and allowable, contends that a

classification based upon the presence within the bound-
aries of a county of a city of the metropolitan class is
invalid, for the reason that there is no substantial differ-
ence in condition between a county having a popula-
tion of over 100,000 urban inhabitants concentrated
within the limits of a metropolitan city and one with an
equal population living in a more diffused condition.
Common experience, however, and the well-known facts
with reference to the conditions which usually flow from
the collection within a limited area of a congested popu-
lation, convince us to the contrary.   There is usually an
actual and substantial difference, especially with regard
to vice and crime, sickness and destitution, as well as
aggregated wealth and luxury, between 100,000 people
distributed over the many square miles and extended
boundaries which are usually embraced within the
boundaries of a county and the same population when
confined within the limits of a municipal corporation of
comparatively small extent.   Every reason which may be
urged to support a classification by population may be
urged upon better grounds for the support of the classi-
fication attacked in this case.   We are of the opinion
that there is a real and substantial difference which
affords a proper basis for classification between ordinary
counties and those which contain within their boundaries
a city of the metropolitan class, and that the act in ques-
tion is not local or special legislation.

It is next insisted that chapters 33, 36, 37 and 38 are
cognate acts, embracing one legislative scheme or pur-
pose, each necessary to the complete attainment of the
scheme, each an inducement to the passage of the other,
and, hence, that, if any one of the said acts is void, the
others fall with it.   We think this contention is to a
certain extent well founded, and that, if chapter 36, creat-
ing the office of county comptroller, should fail, chapters
33 and 38, having no independent force when considered
separate and apart from chapter 36, must fall with it;
but we think a different condition is presented with refer-

ence to chapter 37—the act making the county comptroller *ex officio* city comptroller—when considered with chapter 36. There is nothing within the four corners of the act creating the office of county comptroller which seems in anywise to rest or be based upon any of the provisions of chapter 37. Chapter 36 seems to be complete in itself, creating a new office upon sufficient reasons and prescribing the functions and duties and compensation of the incumbent of the office thus created. It was stated upon the argument, and conceded by the plaintiff's counsel, that the annual disbursements of the county of Douglas in all its departments of county government amount to more than $1,000,000, and that, in order to preserve an accurate record and an efficient control over the disbursements in the various funds, the county board has designated an officer as county auditor, and has installed him with a force of clerks for the purpose of keeping an efficient check on the finances of the county. While, by the statute, these duties devolve upon the county clerk, it seems that experience has shown that in Douglas county the duties which strictly and properly appertain to that office are sufficient to employ the entire time of that officer, after being relieved of the duties which are by chapter 36 imposed upon the county comptroller. We are of the opinion, therefore, that chapter 36, with its cognate acts—chapters 33 and 38—evidence a legislative plan or intention to create the office of county comptroller and provide the methods and instrumentalities with which its duties may be carried on, and are not in contravention of the constitutional inhibition against local or special legislation.

In this connection it may be well to notice the contention that chapter 33 is invalid because the amendments made thereby are not germane to the original sections. The original sections deal with the powers and duties of the county clerk with reference to the drawing of county warrants, the filing of claims against the county, and notice of the disallowance thereof, and the filing of ac-

counts acted upon by the county board. The act in which these sections are found is entitled "An act concerning counties and county officers." The act contains all the general provisions with reference to county government, the creation of county officers and the duties of such officers. We are unable to see why the amendments to the sections of this act made by chapter 33 are not germane. They treat of the same subject matter as the original sections amended, which is the proper disposition to be made of the various matters connected with the financial affairs of the county, and the officer whose duty it is to act in relation thereto.

It is next contended that chapter 36 is void, for the reason that it is amendatory of many sections existing in other statutes, and does not contain or repeal the sections so amended. This contention is the same as that made in *Van Horn v. State,* 46 Neb. 62, but the answer in this case is the same as in that, that the act is one complete in itself, covering the whole subject to which it relates, and the fact that such act moves, changes or disturbs the effect of other statutes does not render it in conflict with the constitution. *State v. Whittemore,* 12 Neb. 252. This doctrine is so well established in this state as to require no further discussion. But it is said that the subject of the act being county government, it is not complete unless it embraces the entire scheme, and, therefore, if any of its provisions are in conflict with existing statutes, it is open to the charge that it is amendatory of such statutes. The act is not concerned with county government in general, but is concerned only with the accounting and financial department of the county government. It is designed to embrace a complete scheme of accounting for all the various funds and receipts and disbursements of the county, and to provide an officer with proper assistance and facilities to fully carry out the duties imposed. It is complete within itself so far as concerns the subject with which it treats. The subject of county government is a broad one, and many officers are

required to carry on its various departments, and an act which purports to deal with the creation of a county office and the duties and functions to be performed by such officer is complete in itself, and repeals by implication all acts and parts of acts repugnant thereto. The purpose of the constitutional provisions is to prevent surreptitious legislation. It cannot be said that an act which, while complete in itself, treats of a subject which is considered in numerous sections of other acts is within the evil which the constitutional provision was intended to prevent. We have upheld acts which were upon their face much more liable to this objection than the one under consideration. *Zimmerman v. Trude,* 80 Neb. 503. See, also, *State v. Cornell,* 50 Neb. 526, in which there is a full discussion of this subject, with the former decisions of this court collected. See, also, *Affholder v. State,* 51 Neb. 91, in which an act entitled "An act to provide cheaper text-books, and for district ownership of the same" was upheld as against the objection that, because it modified or amended certain sections of the general school law without containing or repealing these sections, it was void. But the act was held to be a complete act in itself, although it only treated of one of the numerous subjects embraced in the general school law.

It is next urged that chapter 37, creating the county comptroller *ex officio* city comptroller, is void, it being amendatory of various sections of the Omaha charter act, and that, as it does not contain the sections amended and repeal the same, it is within the constitutional inhibition. Since, by its terms, this act does not become effective until the expiration of the term of office of the present incumbent of the office of city comptroller, and since another legislature will meet before any action can be taken by any of the defendants with reference to the office of city comptroller, it is unnecessary at this time, in view of the considerations to be mentioned hereafter, to pass upon the constitutionality of chapter 37 standing alone. It may be that the act is defective. This point is

not decided, however, and if the present act is not proof
against attack, and if it is thought advisable by the legis-
lature to consolidate the offices, an act as to which no
question can be raised may yet be passed.    The only
point which is necessary to be considered at this time
with reference to this act is whether or not it formed the
inducement to the passage of chapter 36; for, unless it did
so, it is entirely unnecessary for its provisions to be
considered at this time.

The plaintiff asserts that from the internal evidence
presented by the various acts themselves, and from com-
mon knowledge of the movements for consolidation of
city and county offices in Douglas county, it is evident
that this act was the moving cause and inducement for
the passage of chapter 36.    The argument is that, while
the acts are general in form, they were enacted with
reference to the present conditions and needs of Douglas
county and the city of Omaha; that the bills were intro-
duced by a member from Douglas county; that it is, to
quote the brief, "a fact, common to the knowledge of all
men that for years there has been a constant growing de-
mand in Omaha and Douglas county for a merger and
consolidation of city and county offices in the sense that
similar duties pertaining to the city and county affairs
should be performed by one and the same officers"; that
such consolidation has been had with reference to the
office of city and county treasurer, and that the result
has been satisfactory, and there is a demand for further
consolidation.    Again, it is said that Douglas county has
had a county auditor or comptroller with several assist-
ants for years, and that the city of Omaha also has a
comptroller; that the people know this, and there is a
demand that one comptroller be provided for both county
and city.    It is said further that the court must take
judicial notice of these facts and of this public demand;
that chapter 36 fixes the salary of the county comptroller
at $3,500 a year, while chapter 37 provides that the city
shall pay to the county $7,000 annually for the service of

such comptroller; and it is asked: Is it not plain that the legislature, in fixing the salary of the comptroller at the sum named, had in mind the performance by the comptroller of the functions and the duties of the city comptroller? We think this argument is a potent one to show the need of the enactment of chapter 36, providing a county comptroller for Douglas county, since it appears that the necessity for such an officer has existed for years, and has been met in a manner the legality of which may be questioned. It would seem further that there is sufficient work to be performed and sufficient responsibility to be assumed by the county comptroller of Douglas county, without reference to whether or not the additional duty of city comptroller *ex officio* may or may not be imposed upon him, to fully justify and warrant the payment of a salary of $3,500 a year for the service to be rendered. The fact that at an early period in the history of this state, and during a time of privation following a prolonged drouth and a devastation by grasshoppers, the constitution makers fixed the salary of our state officers and district judges at amounts barely sufficient in these days to meet living expenses is no reason why an officer clothed with such duties and responsibilities as the county comptroller should not now be paid a reasonable salary, and does not furnish any proof that $3,500 a year is more than the services of a man competent in all respects to fill the position are reasonably worth. If the duties of city comptroller are added to those already imposed upon him, the annual payment of $7,000 provided for by chapter 37 is intended to pay for the additional assistance in the form of clerks and accountants and the other expenses which will necessarily be incurred by his performing the functions of city comptroller, and not to add to his compensation or to give a profit to the county.

We are not sufficiently advised as to whether or not the consolidation of the office of city treasurer and county treasurer in Douglas county has been productive of such

a pressing local demand for further consolidation as to have given rise to the introduction and passage of these measures; and it may be doubted whether the court may properly be permitted to wander into such a devious domain, in order to find a reason for declaring an act of the legislature providing methods of county government unconstitutional, the more especially since this is a general law which may apply hereafter to other counties in this state. It is probable that the learned trial judge, being a resident of Douglas county and of the city of Omaha, is more conversant with the local demand than this court, and has taken judicial notice thereof. It would seem from the copy of his opinion printed in plaintiffs' brief that his decision was based somewhat upon this elusive quantity, but this court scarcely feels justified in basing its construction of the constitutionality of these acts upon such local and temporary grounds.

In conclusion, we are of the opinion that there is no such connection shown between the provisions of chapter 37 and 36 as to make it clearly apparent that the passage of chapter 37 formed the inducement for the passage of chapter 36. We are further of the opinion that chapter 36 with its cognate acts, chapters 33 and 38, form a complete and independent plan of legislation for the creation of the office of county comptroller in counties of the class named therein, irrespective of whether chapter 37 was ever passed, and that the validity or invalidity of chapter 37 has, and can have, no bearing upon the validity of chapter 36.

The judgment of the district court is therefore reversed, the injunction dissolved, and the cause dismissed.

REVERSED.