THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, v. JACK PAGE, DEFENDANT IN ERROR.

1. Title to act: CONSTITUTIONAL LAW. A title to an act of the legislature in these words—"Counties and county officers," is not open to the constitutional objection of containing more than one subject.

2. ——: ——. An act, complete in itself, may so operate on prior laws as to materially change or modify them, without being repugnant to the constitution.

3. Counties attached for judicial purposes: DRAWING JURIES. When an unorganized county is attached to an organized county for judicial purposes, the two constitute a single trial district, and the list of persons selected by the county commissioners from which jurors are drawn must be taken in due proportion from all of the precincts of both.

4. ——. If such list be not legally formed, the court may provide a lawful jury as directed in section 664, Comp. Statutes, 618.

THIS was a bill of exceptions, filed by the district attorney, to take the opinion of this court upon points which aro e in the trial below, before GASLIN, J., and ruled in favor of Page.

V. Bierbower, District Attorney, and C. J. Dilworth, Attorney General, for the state.

William Neville and George W. Heist, for defendant in error.

LAKE, CH. J.

The questions to be considered are presented by a bill of exceptions taken by the district attorney of the fifth judicial district under section 483, and brought here for review as provided by section 515 of the criminal code. It appears that Page is under an indictment found by the grand jury of Cheyenne county for the crime of murder, alleged to have been committed in the unorganized county of Sioux. By section 146, Sioux

county is attached to Cheyenne "for election, judicial, and revenue purposes.    Comp Stat., 193.

To this indictment Page interposed a plea in abatement, in which, among other things, he alleges :

*First.*  That the act attaching Sioux to Cheyenne county is "unconstitutional and void," and that, consequently, the former still remains "in the sixth judicial district," where it was placed by sec. 10, Art. VI., of the constitution.

*Second.*  That the list of persons from which the grand jurors that found the indictment were drawn, was composed wholly of residents of Cheyenne county, although, at the time of the selection, there were in Sioux county at least two hundred persons possessing the qualifications of jurors, and who still resided there when the indictment was found. That of the whole number of persons in both counties qualified to act as jurors, one-third were residents of Sioux, and yet not a single one was called therefrom.  A general demurrer to this plea was overruled, an exception to the ruling taken, and this is the basis of the alleged errors.

Is this plea a sufficient answer to the indictment?  As to so much of it as challenges the jurisdiction of the court by alleging the unconstitutionality of the act by which the unorganized county of Sioux was detached from the sixth judicial district and attached to the fifth by joining it to the organized county of Cheyenne, we answer in the negative.  It is contended in support of this part of the plea that the act embraces more than one subject, which the constitution forbids.  The title to the act is:  "Counties and County Officers."  There is nothing in the act foreign to this title.  Where a law has but one general object, as is clearly the case with this one, and the title fairly expresses it, that will satisfy the constitutional requirement here invoked.  *White v. The City of Lincoln,* 5 Neb., 505.

It is further claimed that, inasmuch as the effect of attaching Sioux county to Cheyenne is to change the former boundaries of the fifth and sixth districts, the act is also open to the constitutional objection of containing a subject not " expressed in its title." We cannot so hold. This is a complete act of itself. The title is couched in general terms, and is exceedingly comprehensive. It cannot in reason be said that the provision in question is not germane to the title, and we must hold it to be constitutional. An act complete in itself may so operate on prior laws as to materially change or modify them, without being repugnant to this provision of the constitution. *Smails v. White*, 4 Neb., 853.

It follows from this that, for all of the various purposes of judicial administration, these two counties, thus united, constitute a political entity—a single trial district, —over which said court, when sitting in the organized portion thereof—Cheyenne—has complete jurisdiction, both civil and criminal. For such purposes the two counties together are to be regarded as if the entire territory covered by them were but one.

As to the remainder of the plea, however, the portion showing that, in the selection of jurors, Sioux county was disregarded, and the list made up exclusively from residents of Cheyenne, our conclusion is that it constitutes a sufficient answer to the indictment, and that the demurrer was, therefore, properly overruled. The prisoner has the right to insist that the list of persons from which the panel is drawn be filled in due proportion from all of the precincts within the trial district, and not from a part only. The constitution guarantees to him this right. *Olive v. The State*, 11 Neb., 1. In this case the county commissioners, in the preparation of the list from which the jury was drawn, overlooked a precinct containing one-third of the whole number of persons in the trial district qualified to serve. This rendered the jury drawn

therefrom an illegal body, and the indictment against the prisoner fatally defective. The commissioners must make the selection from the whole number of precincts in the trial district, whether such district be composed of a single county, or of additional territory also, united, as in this case, for judicial purposes, as provided in section 658, Comp. Statutes, 617. If the list be not legally formed, the court has ample authority to provide a lawful jury under section 664, Comp. Statutes, 618. *Ex Parte Crawford, ante* page 379. For these reasons the ruling of the district court as to the sufficiency of the plea in abatement must be sustained.

JUDGMENT AFFIRMED.