STATE, EX REL. FARMERS STATE BANK OF PICKRELL, APPELLEE, v. ELMER L. HEVELONE, COUNTY TREASURER, APPELLANT.

FILED JANUARY 16, 1913. No. 17,533.

1. Statutes: AMENDMENT. The legislature may amend a statute by appending a proviso to a section thereof, if the subject of the proviso is clearly within the title to the original act and is germane to its provisions.

2. ———: ———: CONSTRUCTION. The section of an act properly amended should be construed precisely as though it had been originally enacted in its amended form.

3. ———: REPEAL BY IMPLICATION. A legislative act complete in itself is not inimical to the provisions of section 11, art. III of the constitution; and where such an act is repugnant to, or in conflict with, a prior law, which is not referred to nor in express terms repealed by the later act, the earlier statute is repealed by implication.

4. Banks and Banking: DEPOSITORY BANKS: BONDS. So much of the depository law of 1891 as required depository banks to give bonds for the safe-keeping and return of public funds is repealed by section 46 of the banking act of 1909, as amended in 1911 (laws 1911, ch. 8); and a state bank which has complied with all the provisions of that act is entitled to its *pro rata* share of the deposit of public funds without giving a bond for the safe-keeping and return of such funds.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*F. O. McGirr* and *M. W. Terry,* for appellant.

*Field, Ricketts & Ricketts* and *Hazlett & Jack, contra.*

BARNES, J.

The relator is a state bank, organized and doing business under the provisions of the banking act of 1909, and the respondent is the county treasurer of Gage county, Nebraska. The relator brought this suit to compel the respondent, as county treasurer, to deposit with it its *pro rata* share of public funds made by him as such treasurer, without giving other security for the safe-keeping of such deposits than that provided for by the depositors' guaranty fund, as required by the guaranty bank act under which it was organized and is doing business. The respondent demurred to the petition. The demurrer was overruled, and he stood on his demurrer. Thereupon, it was ordered that the writ issue in accordance with the prayer of the relator's petition. The respondent has appealed, and the sole question for our determination is whether the relator is required to give security under what is known as the "depository law," in addition to the security provided by the banking act, and known as the "depositors' guaranty fund," to be entitled to participate in the deposit of public funds.

It must be conceded that if the relator was not required to give the depository bond provided for by section 20, art. III, ch. 18, Comp. St. 1891, which is a part of the depository law of 1891, in addition to its compliance with the provisions of the banking act of 1909, in order to entitle it to participate in the deposit of public funds, the judgment of the district court should be affirmed. The appellant contends, however, that so much of the depository law of 1891, known as section 20, art. III, ch. 18, Comp. St. 1891, is still in force; that the bond therein mentioned should have been given by the relator before it would be entitled to receive on deposit its proportionate share of

the public funds. On the other hand, the relator insists that the section above mentioned was repealed by the banking act of 1909, as amended in 1911. An examination of the legislation bearing upon this question may aid in its solution. The act authorizing the deposit of public funds was passed in 1891. Laws 1891, ch. 50. That act was amended in 1907, and comprises, as amended, sections 11364-11374, Ann. St. 1907, and will be hereafter referred to as the "depository act." The provisions of that act, so far as they have any bearing upon the questions under consideration, were that banks, in order to become depositories of public funds, are required to give approved security for the safe-keeping and return of such funds. In 1909 the legislature passed an act, entitled "An act for the regulation, supervision and control of the business of banking, and to provide penalties for its violation." Laws 1909, ch. 10 (Ann. St. 1909, secs. 3700-3792). That act covers the entire subject of the organization, control and supervision of the business of banking in this state, and will be referred to hereafter as the "banking act." The distinctive features of that act, and the principal inducement to its passage, are the provisions made therein for a depositors' guaranty fund, which is created and administered under the provisions of the state banking board, to secure deposits made in such banks, whether of public or private funds. It necessarily follows, if state banks, in addition to maintaining a depositors' guaranty fund, must give approved security when the deposits are public funds, they are required to give double security for the deposits of such funds.

The banking act makes no express reference to the depository act; but it is provided by the banking act that the depositors' guaranty fund shall secure all deposits of public funds as well as private funds, and it may reasonably be presumed that the legislature did not intend the deposits of public funds should be doubly secured, first, by the depositors' guaranty fund, and, second, by approved security as provided by the depository act. It

appears, however, that, in order to avoid any misunderstanding upon that question, the legislature of 1911 amended the banking act of 1909, and among the sections thus amended was section 46. Section 46 as it stood before the amendment of 1911, was as follows: "As soon as said assessments are respectively levied, the banking corporation against which the same are levied shall be notified of the amount of such assessment levied against them, respectively, by the secretary of the state banking board, and said banking corporations shall thereupon set apart, keep and maintain in their said banks the amount thus levied against them, and the amounts thus levied, kept and maintained shall be and constitute what shall be designated as a depositors' guaranty fund, payable to the state banking board on demand for the uses and purposes hereinafter provided." By the amendment of 1911 two provisos were added to this section. The first has no bearing on the present controversy. The second is as follows: "Provided, further, that no bank which has complied in full with all of the provisions of this act shall be required to give any further security or bond for the purpose of becoming a depository for any public funds, but depository funds shall be secured in the same manner that private funds are secured." By this amendment it is made clear that the legislature intended the provisions of the banking act requiring a depositors' guaranty fund should operate as a substitute for the approved security required by the depository act, where the deposit is public funds.

It is contended, however, that the amendment is inoperative and void; that the purpose of the legislature in passing it is defeated for the following reasons: First, a proviso is not an available method for making such an amendment; second, the amendment is not within the scope of the enacting clause of the banking act or the amendatory act, and is therefore void; third, the amendment is not germane to section 46, to which it is appended; fourth, the banking act, as amended, is obnoxious to sec-

tion 11, art. III of the constitution, because it amends or repeals the depository act by implication.

Considering the first of the foregoing contentions, it may be said that where a law is plain and unambiguous, whether expressed in general or limited terms, it will be presumed that the legislature intended to mean what they have plainly expressed, and that such intention should control the action of the judiciary; that where the intention is clearly ascertained, and no constitutional provisions are violated thereby, courts have no other duty to perform than to execute the legislative will, without regard to their own views as to the wisdom or justice of the particular enactment. *Hurford v. City of Omaha,* 4 Neb. 336. In *Shellenberger v. Ransom,* 41 Neb. 631, 643, it was said: "The rule is, as we shall constantly see, cardinal and universal that, if the statute is plain and unambiguous, there is no room for construction or interpretation. The legislature has spoken; their intention is free from doubt, and their will must be obeyed." In speaking of this subject the author in 2 Sutherland (Lewis) Statutory Construction (2d ed.) sec. 352 (223) uses the following language: "The intention of the lawmaker, if plainly expressed, must have the force of law, though it may be in the form of a proviso. The intention expressed is paramount to form." *State v. Searle,* 86 Neb. 259; *Baggaley v. Pittsburg & Lake Superior Iron Co.,* 90 Fed. 636; *State v. City of St. Louis,* 174 Mo. 125, 145, 61 L. R. A. 593. In the case last cited it was held: "The proviso should be confined to what immediately precedes, unless a contrary intent clearly appears, and should be construed with the section with which it is connected. This rule is not, however, absolute, and, if the context requires, the proviso may be construed as a limitation extending over more than what immediately precedes, or may amount to an independent enactment."

In considering the question as to whether the proviso is germane to section 46 of the banking act, it should be observed that original section 46 of the banking act provides

that, as soon as assessments are levied by the banking board, the banks shall be notified of the amount of such levy, and are thereupon required to set apart, keep and maintain the amounts thus levied as a depositors' guaranty fund. This fund is payable to the banking board for the purpose of securing the deposit of both public and private funds. The amendment provides that no bank which has complied in full with all of the provisions of the banking act shall be required to give any further security to become a depository of public funds. Nothing could be more relevant to the provisions of that section. Again, the title of the original banking act is broad enough to cover the amendment to section 46. Omitting the repealing clause, the title to that act reads as follows: "An act for the regulation, supervision and control of the business of banking, and to provide penalties for its violation." This is a comprehensive title, and is broad enough to cover any provisions relating to the business of banking. To provide a scheme for the security of deposits was one of the chief inducements to the passage of the act, and the provisions made for a depositors' guaranty fund was the result. The validity of this feature has been tested in the federal courts and completely vindicated. *Shallenberger v. First State Bank,* 219 U. S. 114; *Noble State Bank v. Haskell,* 219 U. S. 104. The depositors' guaranty fund, as provided for in that act, was created to secure all depositors; and it clearly was germane to that subject to provide that depositors of public funds should be secured thereby, and that different or other security should not be required. Therefore, respondent's contention upon this point is unsound.

In disposing of respondent's contention that the banking act, as amended, is obnoxious to section 11, art. III of the constitution, it may be observed that the banking act is complete in itself, and it has been held that an act complete in itself may so operate on prior laws as to materially change or modify them, without being repugnant to this provision of the constitution. *State v. Page,* 12

Neb. 386. In *State v. Moore,* 48 Neb. 870, it was said: "It is also firmly established in this state by a long line of decisions that an act complete in itself is not inimical to said constitutional provision, although such act may be repugnant to, or in conflict with, a prior law, which is not referred to nor in express terms repealed by the later act. In such case the earlier statute will be construed to be repealed by implication." The rule as thus stated was approved and followed in *State v. Cornell,* 50 Neb. 526. It is also firmly settled by this court that whatever might have originally been made a part of an act may at any time be engrafted upon it by legislation professing to be amendatory. *Richards v. State,* 65 Neb. 808; *State v. Majors,* 85 Neb. 375. It follows that the amended section takes the place in the banking act occupied by the original section, and should be construed precisely as though it had been originally enacted in its amended form. *Cass County v. Sarpy County,* 63 Neb. 813.

Finally, it is contended that the law does not favor repeals by implication, and therefore the banking act, as amended, does not repeal the provisions of the depository act requiring a bond to secure the safe-keeping and return of deposits. It is firmly established in this jurisdiction, by a long line of decisions, that where an act complete in itself is repugnant to, or in conflict with, a prior law, which is not referred to nor in express terms repealed by the later act, the earlier statute will be construed to be repealed by implication. *Smails v. White,* 4 Neb. 353; *Jones v. Davis,* 6 Neb. 33; *State v. Whittemore,* 12 Neb. 252; *Zimmerman v. Trude,* 80 Neb. 503; *Allan v. Kennard,* 81 Neb. 289.

In conclusion, we are of opinion that the banking act was properly amended, and is not open to the objections urged; that, as amended, that act is clearly in conflict with so much of the provisions of the depository act as requires a bond to secure the safe-keeping and return of public funds, in addition to a full compliance with all of the provisions of the banking act; that such provisions of the

depository act were repealed by implication; that the judgment of the district court should be, and therefore is,

AFFIRMED.