STATE OF NEBRASKA V. JOHN BADBERG ET AL.

FILED JUNE 22, 1922.    No. 22583.

1. **Statutes:** CONSTRUCTION. It is a familiar rule that statutes *in pari materia* should be construed together.

2. **Constitutional Law:** STATUTES: CONSTRUCTION. The court will not hold a legislative act unconstitutional unless such holding is clearly warranted by a reasonable interpretation of the language of the fundamental law.

ERROR to the district court for Keith county: J. LEONARD TEWELL, JUDGE. *Exceptions sustained.*

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* for plaintiff in error.

*W. D. Oldham, amicus curiæ.*

Heard before MORRISSEY, C. J., ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

DEAN, J.

John Badberg and Adam Kosmick, defendants, were in-formed against jointly by the county attorney of Keith county and there charged with a violation of section 2, ch. 156, Laws 1921, in that they, as alleged in the first count of the information, unlawfully and feloniously main-tained and had "in their possession a certain still for the manufacture of intoxicating liquor, to wit, alcohol and whiskey." In the second count defendants were charged with unlawfully and feloniously having "in their posses-sion a certain quantity of mash for the manufacture of in-toxicating liquor, to wit, eight gallons thereof." Defend-ants demurred to the information on the alleged ground that the act is unconstitutional. The demurrer was sus-tained and the defendants were discharged. Alleging er-

ror, the county attorney, under the provisions of section 9185, Rev. St. 1913, brought the case here, by leave of this court, to have determined the constitutionality of the act in question.

Section 16, ch. 187, Laws 1917, that being the section which was amended, reads:

"Any resident of this state or any corporation authorized to transact business in this state owning and operating a plant for such purpose, and paying special taxes levied by the United States internal revenue department, may, upon compliance with the requirements herein provided, manufacture and sell in or out of the state ethyl alcohol for medicinal, mechanical, scientific and other nonbeverage purposes. Such sales in the state, however, to be made only to wholesale and retail druggists, scientific institutions, and hospitals authorized under the provisions of this act to handle such ethyl alcohol."

The act as amended in 1921, being section 2, ch. 156, Laws 1921, comprises all of the above section 16 with the following provisions added:

"Except as permitted in this section it shall be unlawful for any person to manufacture any intoxicating liquor or to own, maintain or have possession of any still, or equipment for the manufacture of alcohol or whiskey or of any mash or intoxicating liquor in any stage of manufacture, or any intoxicating liquor after it has been manufactured, except in compliance with the terms of this chapter, as to manufacture and as to obtaining a permit therefor. Any person who shall manufacture intoxicating liquor in violation of this chapter or who shall have possession of any still or any part thereof or of any other equipment for making intoxicating liquor or who shall have in his possession any mash or other material being used in the process of manufacturing intoxicating liquor, or who shall have in his possession any intoxicating liquor made by him for the purpose of sale, or from which a sale has been made, contrary to the provisions of this chapter, shall, upon conviction, be fined not less than $500 nor more than $5,000 and impris-

oned not less than thirty days nor more than one year in jail for each offense.

"None of the provisions of this section and none of its penalties shall apply to persons who have obtained a permit from the United States for the manufacture of ethyl alcohol, and who have filed a certified copy of the same with the governor as provided in this chapter."

Defendants in their brief contend that the amendment is violative of section 14, art. III of the Constitution. They insist that the amendment is not germane to the section which it amends and that it adds harsh penalties for their violation. They argue: "The reasons relied on are that section 16 (2), ch. 156, Laws 1921, is purely and simply an amendatory act, not complete within itself or able to stand alone as an independent act properly titled and legally enacted."

We think the trial court erred in sustaining the demurrer. In view of our former decisions and of the great weight of authority, the act as amended is not open to the objections urged by defendants. The amendment has but one general object and it is clearly germane to the general object, scope and purpose of the prohibitory law of which it is a part and also to the section which it amends. *State v. Tibbets,* 52 Neb. 228. With respect to the section of the Constitution under discussion this is said in the body of the opinion in the *Tibbets* case: "While the requirements of this clause of the Constitution are mandatory, they are not to be exactingly enforced, or in such a manner as to hamper or cripple legislation. The title to a bill may be general, and it is not essential that it specify every clause in the proposed statute." In that case the court recognized the rule that, while the amended section of a legislative act must be germane to the original section, the constitutional provision is complied with, even though the amended act may not be strictly confined to the same limit which obtained in the original section. The point is that the amendment must have in view the same general object as that which is embodied in the original section. In the case be-

fore us there is neither duplicity nor dissimilarity in the subject-matter of the original act and the amendment. Both tend to the same end and have to do with the same subject.

"An act entitled 'An act for the suppression of intemperance,' and containing provisions for the punishment of drunkenness, prohibiting the sale of intoxicating liquors, declaring certain things nuisances, the appointment of agents, etc., does not contain more than one 'object' within the meaning of a constitutional provisions that 'every law shall embrace but one object, which shall be expressed in the title.' " 25 R. C. L. 845, sec. 91. "It would seem that any number of amendments of a code or general compilation of laws may be included in one statute, provided that all refer to some particular subject, such as 'The Revenue,' 'Decedents,' or the like." 55 L. R. A. note at page 850.

In *Webster v. City of Hastings*, 59 Neb. 563, we held that the constitutional provision in question "is intended to prevent surreptitious legislation, and forbids amendatory legislation foreign to the subject of the original act, and which would not be embraced in the title thereof." It was held in *Affholder v. State*, 51 Neb. 91, that the constitutional provision under discussion should be construed with such liberality as to admit the insertion in a legislative act of "all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title, and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title." In *State v. Hevelone*, 92 Neb. 748, we said: "The legislature may amend a statute by appending a proviso to a section thereof, if the subject of the proviso is clearly within the title to the original act and is germane to its provisions." In the body of the opinion in the *Hevelone* case this language is used: "It is also firmly settled by this court that whatever might have originally been made a part of an act may at any time be engrafted upon it by legislation professing to be amendatory."

The defendants rely largely on *State v. Tibbets*, 52 Neb. 228. But the state points out that in the *Tibbets* case the court merely held that "the amendment must be germane to the subject-matter of the original act or section indicated." The argument in brief is that "if the amendment was germane either to the original act or the section indicated the amendment related to the same subject." In such case, the argument continues, "it would seem that the amendatory matter is germane both to the original act and the indicated section. They seem to trace back to the same generic head."

In support of its argument the state cites 25 R. C. L. 844, sec. 90: "The 'subject' of an act is the matter or thing forming the groundwork of the act, which may include many parts or things, so long as they are all germane to it and are such that if traced back they will lead the mind to the subject as the generic head. There can be no surer test of compliance with the constitutional requirement of singleness of subject than that none of the provisions of an act can be read as relating or germane to any other subject than the one named in the title. An act is not unconstitutional because more than one object is contained therein where the objects are germane to the main subject, or they relate directly or indirectly to the main subject, and have a mutual connection with and are not foreign to the subject of such act, or when the provisions of the act are of the same nature and come legitimately under one subject."

It is a familiar rule that statutes *in pari materia* should be construed together. "In the course of the entire legislative dealing with the subject we are to discover the progressive development of a uniform and consistent design, or else the continued modification and adaption of the original design to apply it to changing conditions or circumstances. In the passage of each act, the legislative body must be supposed to have had in mind and in contemplation the existing legislation on the same subject, and to have shaped its new enactment with reference there-

to." Black, Interpretation of Laws (2d ed.) sec. 104; *Dinuzzo v. State,* 85 Neb. 351.

The Constitution is not to be construed so as to destroy legislation that is not clearly inhibited by its language. The court will not hold a legislative act unconstitutional unless such holding is clearly warranted by a reasonable interpretation of the language of the fundamental law. It has been well said by a great advocate: "The letter killeth, but the spirit giveth life."

The district court erred in sustaining the demurrer of defendants. The opinion in this case under the provisions of section 9185, Rev. St. 1913, only determines the law of the case. The exceptions of the county attorney are sustained.                                   EXCEPTIONS SUSTAINED.