ANNA FERGUSON V. STATE OF NEBRASKA.

FILED FEBRUARY 26, 1924.    No. 23771.

1. Intoxicating Liquors: INFORMATION. The information outlined in the opinion *held* sufficient to charge a violation of section 3252, Comp. St. 1922. .

2. Husband and Wife: VIOLATION OF PROHIBITORY LIQUOR LAW: CONVICTION SUSTAINED. When on the trial of a woman charged with the possession of "certain equipment commonly known and described as a still, made and designed for the purpose of manufacturing intoxicating liquor," of mash and material "designed for, and then and there used" in the process of, manufacturing and distilling intoxicating liquor, and of intoxicating liquor "manufactured by her," it appears from her own testimony that she had personally rented the house in which these articles and commodities were found, and was in charge thereof, the common law fiction that the husband is the head of the household is not sufficient to overcome the verdict of the jury finding her guilty as charged.

ERROR to the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Raymond T. Coffey,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., LETTON and GOOD, JJ., ELDRED, District Judge.

MORRISSEY, C. J.

Defendant prosecutes error from a conviction under section 3252, Comp. St. 1922. In count one, defendant is charged with having in her possession "certain equipment commonly known and described as a still, made and designed for the purpose of manufacturing intoxicating liq-

uor;" count two charged defendant with the possession of mash and material "designed for, and then and there being used" in the process of manufacturing and distilling intoxicating liquor; and count three charged defendant with having possession of intoxicating liquor "manufactured by her." The sufficiency of the information, and each count thereof, is questioned. We do not deem it necessary, however, to deal with these assignments, for the reason that, since defendant's brief was filed in this court, the points presented have been fully discussed and determined in the case of *Maro v. State, ante,* p. 491. The holding in that case is adverse to the contention of defendant and the rule therein announced will be followed here.

Under an assignment which questions the suffciency of the evidence to support the verdict, defendant urges as a defense the ancient common law rule that *prima facie* the husband is the head of the family; and argues that defendant cannot be held in this case because she testified that she had a husband living with her upon the premises.

The rule invoked never went so far as to be a complete bar to the prosecution of the wife for the unlawful use of premises. It merely shifted the burden of proof and made it incumbent upon the state, before the wife could be held criminally liable for the unlawful use of the premises, to show that the husband was absent, or to make it affirmatively appear that she was active in granting permission to so use the premises. The record before us is silent as to the husband, except a mere incidental statement of defendant that she had a husband and that he lived at home. On the other hand, defendant's testimony affirmatively shows that, if she had a husband, he was absent when the house was searched and the articles described in the information were found in the house. He did not testify as a witness, and inferentially the existence of such a person is questioned. Defendant testified that she rented the house from its owner, and that her son had granted permission to a third party (who is named in the testimony but not called as a witness at the trial) and that this third party owned

the articles. To show that defendant was actually in control of the house, we may quote her own testimony: "You are the one who has charge of that house, aren't you?" Answer, "Yes, sir." There is no merit in the assignment.

Finally, defendant asserts that the statute under which the prosecution was brought is unconstitutional. The constitutionality of the act has been upheld in *State v. Badberg*, 108 Neb. 816, and will not be reviewed here.

The judgment is

AFFIRMED.