[L. A. No. 9188. In Bank.—March 22, 1926.]

LESLIE E. SMITH, Petitioner, v. BOARD OF TRUS-
TEES OF BARNES CITY (a Municipal Corporation)
et al., Respondents.

[1.] MUNICIPAL CORPORATIONS—SIXTH CLASS—INCORPORATION ELECTION
—TENURE OF OFFICE—GENERAL MUNICIPAL ELECTION.—Under sec-
tion 3 of the Municipal Corporation Act, elective officers of a city
of the sixth class, who are chosen at the incorporation election,
hold their respective offices only until the election and qualification
of successors to be voted for at a general municipal election held
on the second Monday in April in the even-numbered year; and
where the incorporation election in such a city is held in an even-
numbered year, but prior to the second Monday in April, the hold-
ing of a general municipal election on the second Monday in April
of that same year is not dispensed with by the provision of sec-
tion 3 of said act, as amended in 1923, that the elective officers
chosen at the incorporation election shall hold their respective
offices only until the next general municipal election to be held in
such city or town, "or for such term as shall be hereinafter pro-
vided for officers of cities of the class to which the same may
belong," and until their successors are elected and qualified.

[2] ID.—AMENDMENT OF ACT—ADDITION OF NEW PROVISION—LEGISLA-
TIVE INTENT—CONSTRUCTION OF ACT AS A WHOLE.—In construing
section 3 of the Municipal Corporation Act, the court cannot as-
sume that the intention to enact and to publish the new portion
of said section, added in 1923, that elective officers chosen at the
incorporation election shall hold their respective offices only until

the next general municipal election "or for such term as shall be hereinafter provided for officers of cities of the class to which the same may belong," was any more clear and direct than was the intention to re-enact and to republish the old portion of the act which provided that such officers should hold office "only until the next general municipal election to be held in such city"; but the whole section, since its amendment, should be construed in the same light that an entirely new and original piece of legislation would be viewed, giving to each part, if possible—the old as well as the new—some effect consistent with the entire statute.

[3] STATUTES—CONFLICTING PROVISIONS—PRIORITY.—The general rule of statutory construction that, where there is an irreconcilable conflict between different provisions of a statute, the provision which is last in order of position will prevail as being the latest expression of the legislative will, is not to be applied when the provision standing first in the act is the one which is more in harmony with the general purpose of the statute.

[4] ID.—LEGISLATIVE INTENT — CHANGE IN LANGUAGE — UNJUSTIFIABLE CONSTRUCTION.—While the canons of statutory construction sometimes warrant a change in the language of a statute where it is necessary to do so in order to give effect to the manifest intent of the legislature, this license of construction is not justifiable where it is sought to change the clear import of a word in one provision in order to give force and effect to an entirely different provision that is of uncertain and doubtful meaning and is inimical to the general purpose and intent of the statute as well as irreconcilably inconsistent with an associated provision which does harmonize with the general legislative purpose and intent.

(1) 28 Cyc., p. 429, n. 39.    (2) 36 Cyc., p. 1165, n. 80.    (3) 36 Cyc., p. 1130, n. 65 New.    (4) 36 Cyc., p. 1130, n. 61.

PROCEEDING in Mandamus to compel the Board of Trustees of a city of the sixth class to call a general municipal election. Peremptory writ issued.

The facts are stated in the opinion of the court.

Frederick Baker for Petitioner.

Geo. DeLany Blair and C. A. Lindeman for Respondents.

3.   See 23 Cal. Jur. 694; 25 R. C. L. 1012.
4.   See 23 Cal. Jur. 737; 25 R. C. L. 974.

FINLAYSON, J., *pro tem.*—This is a proceeding in *mandamus* brought by an elector of Barnes City to compel respondents to call and provide for the holding of an election of city officers on the second Monday in April, 1926.

[1] On February 13, 1926, pursuant to a special election held on the third day of that month (hereinafter referred to as the incorporation election), Barnes City was incorporated as a city of the sixth class under the provisions of sections 1 to 3, inclusive, of the Municipal Corporation Act (Stats. 1883, p. 93). The respondent Trustees and the other elective officers enumerated in section 852 of the act were elected at the incorporation election and are now acting as such officers. Petitioner has demanded that the respondent Trustees call a general municipal election to be held on the second Monday in April, next, for the choice of successors to themselves and to the other elective officers of the municipality. Respondents neglected to comply with this demand, and, therefore, this proceeding was initiated. The case turns upon the construction to be placed upon a certain provision in section 3 as amended in 1923. All the parties to the proceeding seem to be animated solely by a desire to secure an authoritative construction of the statutory provision in question.

Prior to its amendment in 1923, section 3 of the Municipal Corporation Act provided that the officers chosen at the incorporation election should hold their respective offices "only until the next general municipal election to be held in such city or town, and until their successors are elected and qualified." In 1923 the legislature so amended the section that it now provides that the officers chosen at the incorporation election shall hold their respective offices "only until the next general municipal election to be held in such city or town, *or for such term as shall be hereinafter provided for officers of cities of the class to which the same may belong,* and until their successors are elected and qualified." (Stats. 1923, p. 103. We have italicized the new matter added by the amendment.)

Section 852, which has been amended at three different sessions of the legislature, has always contained a provision to the effect that the elective officers of cities of the sixth class shall be chosen "at a general municipal election" to

be held "on the second Monday in April in each even-numbered year." As that section now reads (Stats. 1919, p. 19), it is further provided that the elective officers, i. e., the members of the board of trustees, the clerk and the treasurer, "shall hold office for the period of four years from and after the Monday next succeeding the day of such election, and until their successors are elected and qualified." The section also provides that the "respective terms of the members of the first board of trustees elected under the provisions of this section shall be determined as follows: The two members elected by the highest number of votes shall hold office for four years, and the three members elected by the lowest number of votes shall hold office for two years."

If section 3 of the act read now as it did prior to the amendment of 1923 it is obvious that the respondent Trustees and the other elective officers chosen at the incorporation election would hold their respective offices only until the election and qualification of successors to be voted for at a general municipal election held on the second Monday in April next. But it is claimed that because the amendment of 1923 added to section 3 the words "or for such term as shall be hereinafter provided for officers of cities of the class to which the same may belong," the respondent Trustees and the other elective officers chosen at the incorporation election are entitled to hold their respective offices until the election and qualification of successors to be elected not earlier than the second Monday in April, 1928.

The amendment cannot be given the effect claimed for it. Under the language added by the amendment such officers as may come within its purview, if any there be, are to hold for such "term" as shall be provided for officers of cities of the class to which they belong. If it were held that this new provision refers to officers in cities of the sixth class, it would be necessary to hold that the "term" referred to by the amendment is the same "term" which is provided for in section 852 of the act—that being the only section of the statute which purports to fix the term of office in cities of the sixth class. Section 852 provides for a general term of four years—running from the Monday next succeeding the general municipal election at which the officers are elected—and likewise for a special term of

two years for three of the members of the first Board of Trustees chosen at the general municipal election following the incorporation of the city.

It cannot be that the word "term," in the clause added to section 3 by the amendment, was intended to include the general four-year term mentioned in section 852. Had that been the legislative intent it would have been easy to say so in plain and unambiguous language. Moreover, the four-year term provided for in section 852 commences on the Monday next succeeding the second Monday in April in the year in which the general municipal. election is held. If the officers elected at the incorporation election held for a four-year term—and that is the only term provided for officers of cities of the sixth class, if we except the special two-year term provided for certain of those officers—then that four-year term must either commence at the time when the certificates of election are filed in the office of the Secretary of State as provided by section 3, or it must commence on the next succeeding third Monday of an even-numbered year. If a four-year term for such officers, commenced with the filing of their certificates of election in the office of the Secretary of State, it might expire almost two years before the election and qualification of their successors—as would be the case if the incorporation election were held shortly after the second Monday in April of an even-numbered year. In that event the officers chosen at the incorporation election would have to hold over their four-year term until their successors had been elected and had qualified, in which case their total tenure of office would be little short of six years. The same result would follow if a four-year term were tacked on to the period intermediate the filing of the certificate of election with the Secretary of State and the ensuing third Monday of an even-numbered year. It follows, therefore, that a construction of the word "term," as used in section 3, which would give to that word such a scope and meaning that it would include the four-year term provided for by section 852 would be entirely out of harmony with the general purpose and intent of the statute; for the general design of the act contemplates the creation of self-governing municipalities the electors whereof, at least in so far as cities of the sixth class are concerned,

198 Cal.—20

shall be accorded the privilege of voting for their city officers as often as once in every two years.

Moreover, any construction of the word "term," as used in section 3, which would cause it to include the four-year term provided for by section 852 would bring this part of section 3 into irreconcilable conflict with the immediately preceding legislative declaration that the officers chosen at the incorporation election shall hold their respective offices "only until the next general municipal election to be held in such city or town." [2] In construing the two seemingly inconsistent provisions in that part of section 3 which is now under consideration we must not lose sight of the fact that the first of those provisions—the one which declares that the officers chosen at the incorporation election shall hold office "only until the next general municipal election"—was re-enacted at the time of the amendment. It cannot be assumed that the intention to enact and to publish the new portion was any more clear and direct than was the intention to re-enact and to re-publish the old portion of the section. The whole section, since its amendment, should be construed in the same light that an entirely new and original piece of legislation would be viewed, giving to each part, if possible—the old as well as the new—some effect consistent with the entire statute. (*Donlon* v. *Jewett,* 88 Cal. 530 [26 Pac. 370].) [3] Nor does it necessarily follow, merely because the old words are placed before the new ones which the 1923 amendment added, that therefore the former are supplanted by the latter if there is any irreconcilable inconsistency between them. True, it has sometimes been stated as a rule of construction that where there is an irreconcilable conflict between different provisions of a statute that provision which is last in order of position will prevail as being the latest expression of the legislative will. But this purely arbitrary rule of construction, which, if it exists at all, springs from the necessity for some rule in peculiar cases, is not to be applied when the provision standing first in the act is the one which is more in harmony with the general purpose of the statute. (25 R. C. L., p. 1012.) In the present instance it is clear that the provision which comes first in the order of position— the one to the effect that the officers chosen at the incorporation election shall hold "only until the next general munici-

pal election''—is the one which is more in harmony with the fundamental purpose of this statute; for when the act is considered in its entirety it is at once apparent that it was enacted for the creation and organization of self-governing municipalities the electors whereof should be accorded the privilege of voting for their respective municipal officers at least as often as once in every two years.

If the word ''term,'' as used in the added clause of section 3, were held to include the special two-year term provided for in section 852, and that is precisely what respondents claim, then it would be possible, in certain cases, for the officers elected at the incorporation election to hold office for a period just short of four years, as, for example, where the incorporation election was held shortly after the second Monday in April of an even-numbered year. The reasons already stated for holding that the word ''term'' in section 3 should not be construed as including the four-year term provided for by section 852 apply with equal cogency to any construction which would cause that word to include the special two-year term provided for by section 852. And there is this further objection: That part of section 852 which relates to the special two-year term reads: ''The respective terms of the members of the first board of trustees elected under the provisions of this *section* shall be determined as follows,'' etc. In order to give the word ''term,'' as used in section 3, the meaning contended for by respondents it would be necessary to construe this part of section 852 as though it read: ''The respective terms of . the members of the first board of trustees elected under the provisions of this *act* shall be determined,'' etc.—thus substituting the word ''act'' for the word ''section.''  [4] It may be conceded that the canons of construction sometimes warrant a change in the language of a statute where it is necessary to do so in order to give effect to the manifest intention of the legislature. But this license of construction is not justifiable where, as here, it is sought to change the clear import of a word in one provision in order to give force and effect to an entirely different provision that is of uncertain and doubtful meaning and is inimical to the general purpose and intent of the statute as well as irreconcilably inconsistent with an associated pro-

vision which does harmonize with the general legislative purpose and intent.

Summarizing our views, we may say: In order to give to the 'clause added to section 3 by the amendment of 1923 the meaning claimed for it by respondents two drastic acts of judicial legislation would be necessary. First, it would be necessary to cut down and to entirely extirpate the provision in section 3 which declares that officers elected as respondents were shall hold office "only until the next general municipal election"; and, secondly, it would be necessary to substitute in section 852 the word "act" for the word "section." For the reasons stated we think any such invasion of the legislative function is wholly without warrant. It follows, therefore, that it is the duty of respondents to call and to provide for the holding of a general municipal election on the twelfth day of April next.

Let the peremptory writ of mandate issue as prayed.

Waste, C. J., Shenk, J., Richards, J., Curtis, J., and Seawell, J., concurred.