M. Grau é Hijos, Plaintiff and Appellant, *v.* The People of Puerto Rico, Defendant and Appellee.

No. 5558. Argued June 25, 1931.—Decided July 22, 1931.

*José Sabater* for appellant. *James R. Beverley, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

In an action for damages brought against The People of Puerto Rico the district court sustained a demurrer to the complaint for want of jurisdiction and dismissed the action. The complaint was filed in November, 1928. The tort was alleged to have been committed in December, 1927. The question is whether or not the government had consented to be sued.

Section 1 of "An Act to authorize suits against The People of Puerto Rico" (Laws of Puerto Rico 1916, p. 151), as amended in 1928 (Session Laws, p. 130), reads in part as follows:

"The district courts of Puerto Rico shall hereafter be authorized to entertain suits against The People of Puerto Rico, in the following cases:

"(a) Actions for damages."

Of the first fourteen sections contained in the law of 1916, only two were amended in 1928. Section 9, which was neither amended nor repealed, provides that:

". . . Any person having any claim against The People of Puerto Rico for any cause of action arising prior to the taking effect of this Act shall within one year after said date present a petition to the Legislative Assembly of Puerto Rico requesting authorization to bring suit for said claim in the manner herein provided for in this Act, stating the maximum amount of his claim, the date when the cause of action is alleged to have arisen, and any other facts which either house of the Legislative Assembly may request."

The law of 1916, in so far as the amendment of 1928 is concerned, took effect in July, 1928. Section 1 as amended

**692**

in 1928, and section 9 as it stands without amendment should be construed together, we think, as though enacted at one and the same time. See *Territory* v. *P. and E. Harris Co.*, 7 Alaska 430.; *Smith* v. *Board of Trustees of Barnes City*, 245 Pac. 173; *Federoff* v. *Birks Bros.*, (Cal. App.) 242 Pac. 885; and *State* v. *Hevelone* ,(Neb.) 139 N. W. 636. So construed, it becomes quite clear that the Legislature by the amendment of 1928 did not intend to authorize an action for damages against The People of Puerto Rico upon, any cause of action which had accrued before the date upon which the law as amended was to take effect.

There is, of course, another side to the question. It is well presented in the brief for appellant. We are inclined to agree that the district court erred in awarding costs to defendant.

The judgment appealed from will be modified by elimination of the pronouncement as to costs and, as modified, affirmed.