M. Grau e Hijos, demandante y apelante, *v.* El Pueblo de Puerto Rico, demandado y apelado.

No. 5558.—*Sometido:* Junio 25, 1931. *Resuelto:* Julio 22, 1931.

*José Sabater,* abogado de la apelante; *Attorney General James R. Beverley* y *R. Cordovés Arana, Subprocurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En una acción de daños y perjuicios entablada contra El Pueblo de Puerto Rico, la corte de distrito sostuvo una excepción previa a la demanda por falta de jurisdicción, y desestimó la demanda. Ésta fué radicada en noviembre de 1928. Se alegó que el acto torticero había sido cometido en diciembre de 1927. La cuestión a resolver es si el Gobierno consintió en ser demandado. El artículo primero de la "Ley para autorizar demandas contra El Pueblo de Puerto Rico," Leyes de 1916, página 155, según fué enmendado en 1928, leyes de ese año, página 131, lee en parte así:

"Las Cortes de Distrito de Puerto Rico estarán autorizadas en lo sucesivo para admitir demandas contra El Pueblo de Puerto Rico, en los siguientes casos:

"(a) Acciones por daños y perjuicios."

De los primeros catorce artículos contenidos en la Ley de 1916, sólo dos fueron enmendados en 1928. El artículo 9, que ni fué enmendado ni derogado, dispone que:

''Cualquiera persona que tenga una reclamación contra El Pueblo de Puerto Rico por cualquier causa de acción que se origine con anterioridad a la vigencia de esta Ley presentará, dentro de un año después de dicha fecha, una petición a la Asamblea Legislativa de Puerto Rico solicitando autorización para entablar pleito por la mencionada reclamación en la forma provista en esta Ley, expresando la cantidad máxima de su reclamación, la fecha en que se alega haberse originado la causa de acción, y cualesquiera otros datos que una u otra Cámara de la Asamblea Legislativa pueda pédir.''

La Ley de 1916, en lo que se refiere a la enmienda de 1928, empezó a regir en julio de 1928. El artículo primero, tal como fué enmendado en 1928, y el artículo 9, según rige sin enmienda, deben ser interpretados conjuntamente, a nuestro juicio, como si hubieran sido promulgados al mismo tiempo. Véanse *Territory* v. *P. and E. Harris Co.,* 7 Alaska 430; *Smith* v. *Board of Trustees of Barnes City,* 245 P. 173; *Federoff* v. *Birks Bros.,* (Cal. App.) 242 P. 885; y *State* v. *Hevelone,* 139 N. W. 636 (Neb.). Así interpretados, se hace bastante claro que la Legislatura, por la enmienda de 1928, no tuvo la intención de autorizar una acción de daños y perjuicios contra El Pueblo de Puerto Rico sobre cualquiera causa de acción que hubiere surgido antes de la fecha en la cual habría de empezar a regir la ley enmendada.

Desde luego que hay otra fase en la acción. Está bien presentada en el alegato del apelante. Nos inclinamos a convenir que la corte de distrito erró al conceder las costas al demandado.

*Debe modificarse la sentencia apelada eliminándole el pronunciamiento de costas, y, así modificada, confirmarse.*