

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 11, 1963

Honorable Crawford C. Martin
Secretary of State
Austin 11, Texas

Opinion No. C-94

Re: Date on which election
on proposed Constitution-
al Amendment contained in
Senate Joint Resolution
No. 26 is to be held.

Dear Mr. Martin:

Your request for an opinion reads as follows:

"The opinion of your office is re-
quested concerning the proper construc-
tion of Senate Joint Resolution No. 26,
Acts of the 58th Legislature, and the
duties of the Secretary of State there-
under. S.J.R. No. 26 passed the Senate
on April 23, 1963 and passed the House
on May 23, 1963 with an amendment. On
May 23, 1963, the Senate concurred in the
amendment. S.J.R. No. 26 was filed in
the office of the Secretary of State on
May 30, 1963, without the signature of
Governor Connally.

"There is a conflict between Section
2 and Section 3 of S.J.R. No. 26 with
respect to the date upon which the pro-
posed Constitutional Amendment is to be
submitted to a vote. Section 2 states in
part: 'The foregoing Constitutional Amend-
ment shall be submitted to a vote of the
qualified electors of this state at the
General Election in November, 1964.' Sec-
tion 3 states as follows: 'The Governor
shall issue the necessary proclamation for
said election to be held on the first Satur-
day after the first Monday in the month of
November, 1963, and have notice of said pro-
posed amendment and of said election publish-
ed as required by the Constitution of Texas

-464-

and laws of this state.' The language,
'to be held on the first Saturday after
the first Monday in the month of November,
1963,' was added by the House by floor
amendment. Prior to its amendment, Sec-
tion 3 made no mention of the date on which
the election was to be held.

"In view of the foregoing, we respect-
fully request your ruling as to the effect
of the conflict of dates for voting and
which, if either, of the dates shall pre-
vail."

We agree with you that Section 2 and Section 3 of
Senate Joint Resolution No. 26 of the 58th Legislature,
Regular Session, are in irreconcilable conflict, since
Section 2 provides that the election on the proposed Con-
stitutional Amendment contained therein shall be at the
General Election in November, 1964, while Section 3 re-
quires said election to be held on the first Saturday
after the first Monday in the month of November, 1963. (Em-
phasis ours).

When two acts of the same session of the same Legis-
lature cannot be harmonized or reconciled, that statute which
is the latest enactment will operate to repeal the prior stat-
ute of the same session to the extent of any conflict in their
terms. Ex parte de Jesus de la O, 227 S.W.2d 212 (Tex.Crim.
1950).

As between conflicting provisions of the same enact-
ment of the Legislature, the prevailing line of authority
as announced by a majority of the courts passing on the ques-
tion is that the latest in point of order of arrangement pre-
vails. Stevens v. State, 159 S.W. 505 (Tex.Crim. 1913);
Parshall v. State, 138 S.W. 759 (Tex.Crim. 1911); Attorney
General's Opinions 0-6621 (1945), 0-6379 (1945) and 0-5329
(1943).

It is our opinion that the answer to your question is
governed by the authorities cited in Attorney General's
Opinion 0-6621, supra, and we therefore quote the following
from this opinion:

"The conclusion thus reached requires
an answer to the question: As between con-
flicting provisions of the same enactment
of the Legislature, which should prevail?

"Although the rule has been criticiz-
ed as 'purely arbitrary' (Smith v. Board
of Trustees of Barnes City, 198 Cal. 301,
245 P. 173), in accordance with the prin-
ciple that the last expression of the Legis-
lative will is the law, in case of conflict-
ing provisions in the same statute, the pre-
vailing line of authority as announced by the
majority of courts passing upon the question
in this country seems overwhelming that the
last in point of time or order of arrangement
prevails. 59 C.J. 999, § 596; Great Northern
Ry. Co. v. U.S., 155 F. 945, 84 C.C.A. 93,
affirmed 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed.
567; U.S. v. Jackson, 143 F. 783, 75 C.C.A.
41, reversing C.C. Ex parte Jackson, 140 F.
266; U.S. v. Updike, 25 F.2d 746, affirmed
C.C.A., 32 F.2d 1, certiorari granted, af-
firmed 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed.
984; In re Richards, C.C.A., 96 F. 935; Rey-
nolds v. U.S., 95 Ct.Cl. 160.

"For cases to the same effect, from eight-
een states of the union see C.J. 999, § 596,
note 58.

"Texas has clearly followed this rule of
necessary construction in the case of Parshall
v. State, 62 Tex.Cr.R. 177, 138 S.W. 767, from
which we quote the following:

"'* * * "The different sections or pro-
visions of the same statute or Code should be
so construed as to harmonize and give effect
to each, but, if there is an irreconcilable
conflict, the later in position prevails."
Lewis' Suth. on Stat.Const. (2d Ed.), § 268,
p. 514; citing Ex parte Thomas, 133 Ala. 1,
21 South. 369; Hand v. Stapleton, 135 Ala. 156,
33 South. 689; Van Horn v. State, 46 Neb. 62,
64 N.W. 365; Omaha Real Est. & T. Co. v. Krag-
scow, 47 Neb. 502, 66 N.W. 658. And: "If a
conflict exists between two statutes or pro-
visions, the earlier in enactment or position
is repealed by the later. 'Leges posteriores
priores contrarias abrogant.' Where there is
an irreconcilable conflict between different
sections or parts of the same statute, the

<u>last words stand, and those which are in
conflict with them, so far as there is a
conflict, are repealed; that is, the part
of a statute later in position in the same
act or section is deemed later in time, and
prevails over repugnant parts occurring be-
fore, though enacted and to take effect at</u>
the same time. This rule is applicable where
no reasonable construction will harmonize the
parts. It is presumed that each part of a
statute is intended to coact with every other
part; that no part is intended to antagonize
the general purpose of the enactment. To as-
certain the legislative intent every part of
an act, and other acts in pari materia, are
to be considered. One part of an act may
restrict another part - an early section a
later, and vice versa; but if one part is so
out of line with other parts and the general
purpose of the act that it can only operate
by wholly neutralizing some other part, then
the later provision is supreme, as express-
ing the latest will of the lawmaker. . . ."
(Emphasis ours).

"To the same effect, see Stevens v. State,
70 Tex.Cr.R. 565, 159 S.W. 505.

"This view is strengthened by our holding
in Opinion No. 0-5329, wherein this department
was considering conflicting provisions in ap-
propriations for the Certificate of Title Divi-
sion from Certificate of Title fees in the High-
way Fund. Ch. 400, Acts 43rd Leg., supra, at p.
946. One proviso limited the appropriation to
$175,000.00. In a paragraph following the pro-
viso, expenditure of sufficient certificate of
title fees to administer the act was authorized.
The opinion on the question involved is as fol-
lows:

"'Since there is a direct conflict between
these two provisions, which cannot be resolved
by the application of any other rule of statu-
tory construction, we must apply the rule that
in case of conflict between provisions of the
same enactment, the provision last in point of
position in the Act controls, on the theory
that it is the latest expression of the legis-
lative will. Stevens v. State, 159 S.W. 505.

Thus the proviso is superseded by the paragraph succeeding it.

"'It has been suggested that the conflict is to be resolved by regarding the proviso as an appropriation from the General Fund. To this we cannot agree. It it not the province of construction to vary the meaning of unambiguous language in order to avoid a conflict between portions of the law. This is legislation -- not interpretation.'

"In our Opinion O-6379, it was held:

"'In view of the foregoing authorities, it will be seen that in case of repugnancy between two provisions of the statute, the posterior in position should be given effect as being the later expression of the legislature.' Citing 39 Texas Jurisprudence 139 and Stevens v. State, supra."

In view of the foregoing, you are therefore advised that the provisions of Section 3 of Senate Joint Resolution No. 26 of the 58th Legislature, Regular Session, must control over the provisions of Section 2, since Section 3 is the last in point of order of arrangement and, therefore, the election on the proposed Constitutional Amendment contained in S.J.R. 26 is to be held on the first Saturday after the first Monday in the month of November, 1963.

## SUMMARY

Since Sections 2 and 3 of Senate Joint Resolution No. 26 of the 58th Legislature, Regular Session, are in irreconcilable conflict, Section 3 must prevail over the provisions of Section 2, since it is the last in point of order of arrangement, and the election on the proposed Constitutional Amendment is to be held on the first Saturday

after the first Monday in the
month of November, 1963.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V Geppert, Chairman
Gordon Appleman
J. Arthur Sandlin
Linward Shivers
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone